# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNIQUE BARNETT, et al.<br><br>    Plaintiffs<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00218-APG-VCF<br><br>**Order Granting in part Defendants' Motion to Seal**<br><br>[ECF No. 70] |

The defendants move to file under seal various documents supporting their motion for summary judgment. ECF No. 70. They contend that those exhibits contain confidential and sensitive personal information about the minor plaintiffs and non-parties. But only six of those exhibits appear to contain such information. Those exhibits (Exhibits C, E, F, H, L, and R) are reports, statements, and school records about the minor plaintiffs, and they shall remain under seal. But the defendants do not explain why the following documents should be sealed in their entirety:

1. Exhibits D, U, and HH are police records. These exhibits are already heavily redacted. There is no explanation why the remaining information is confidential, and why additional redactions cannot cure the defendants' concerns.

2. Exhibit S is a memorandum describing Mr. Butuyan using a yard stick in the classroom.

3. Exhibit V contains Shane Butuyan's college transcripts.

4. Exhibit W sets forth Mr. Butuyan's salary for the 2018-19 school year.

5. Exhibits Z and AA are Shane Butuyan's provisional license and training transcript.

6. Exhibit GG is a training transcript for Ana Maria Escamilla.

Exhibit X is referenced in the motion (ECF No. 70 at 3) but is not attached to the motion. Thus, I am unable to determine whether it should be sealed.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons that may justify sealing a record are when court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179. But avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.* The mere fact that one party designated information as confidential under a protective order does not satisfy *Kamakana*'s standard.

The defendants seek to seal entire exhibits even though there appears to be comparatively little, if any, confidential information in those exhibits. The defendants do not explain why everything contained in these exhibits is confidential. They do not cite to cases holding that this type of information is confidential. Nor do they explain why they cannot redact those portions that truly are confidential and leave the remainder unredacted.

I will allow the exhibits filed at ECF No. 71 to remain sealed temporarily so the parties may confer about what, if any, portions of the exhibits should be sealed. If any party determines that a portion of those exhibits should remain sealed, that party must file a motion to seal along

with proposed redacted versions of the exhibits. If the party believes redacting will be too onerous so sealing an entire exhibit is more appropriate, they must explain why. Any motion to seal must set forth compelling reasons for sealing. The motion to seal is due by March 3, 2023. If no such motion is filed by that date, ECF No. 71 will be unsealed except for ECF Nos. 71-1, 71-3, 71-4, 71-5, 71-6 and 71-7.

I THEREFORE ORDER that the defendants' motion to seal **(ECF No. 70) is granted in part.** Exhibits 29-32 are properly sealed and shall remain so. The documents filed at ECF No. 71 will remain sealed temporarily so the parties may confer about what, if any, portions of the exhibits should be sealed. If any party determines that a portion of those exhibits should remain sealed, that party must file a motion to seal along with proposed redacted versions of the exhibits. The motion to seal is due by March 3, 2023. If no such motion is filed by that date, ECF No. 74 will be unsealed except for ECF Nos. 71-1, 71-3, 71-4, 71-5, 71-6 and 71-7.

DATED this 10th day of February, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE