UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIQUE BARNETT, et al.,<br><br>　　　Plaintiffs<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　Defendants | Case No.: 2:21-cv-00218-APG-VCF<br><br>**Order on Supplemental Briefing** |

　　　The plaintiffs are minor children who allege they were physically abused by former Clark County School District (CCSD) teacher Shane Butuyan while attending Thiriot Elementary School. They sue CCSD, principal Sonya Holdsworth, assistant principal Renee Mechem, and special education aide Ana Escamilla. They also sued Butuyan, but I dismissed the claims against him because the plaintiffs failed to timely serve him. ECF No. 37.

　　　I granted in part and denied in part the defendants' motion for summary judgment on numerous grounds. ECF No. 87. As part of that ruling, I directed the parties to file supplemental summary judgment briefs on two issues: (1) whether CCSD can be vicariously liable under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act, and (2) whether a genuine issue remains regarding the plaintiffs' negligence claims against Holdsworth, Mechem, and CCSD based on Holdsworth and Mechem failing to inform the plaintiffs' caretakers of the plaintiffs' specific allegations of physical abuse. *Id.* at 28-29. The parties filed supplemental briefs on both issues. ECF Nos. 90; 91; 95; 96. I grant summary judgment in the defendants' favor on the ADA, Rehabilitation Act, and negligence claims that were subject to supplemental briefing.

**I. ADA and Rehabilitation Act**

I set forth my reasoning in my prior order as to why the plaintiffs' ADA and Rehabilitation Act claims fail. ECF No. 87 at 16-20.  However, I gave the plaintiffs an opportunity to persuade me otherwise in supplemental briefing. *Id.* at 16-20, 28-29.  I have considered the plaintiffs' arguments and authorities in their supplemental brief, but I remain convinced that there is no vicarious liability under the ADA and Rehabilitation Act under the Supreme Court's decision in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998) and the related cases I discussed in my prior order.  None of the cases the plaintiffs rely on reconcile themselves with *Gebser*.  Additionally, the plaintiffs' attempt to limit *United States v. County of Maricopa, Arizona* to a case about policymaker liability ignores that case's language.  In that published case, the Ninth Circuit stated that under Title VI, "an entity cannot be held vicariously liable on a *respondeat superior* theory." 889 F.3d 648, 652 (9th Cir. 2018). In doing so, it relied on Supreme Court authority, including *Gebser*. *Id.*  As I discussed in my prior order, the remedies for a Title VI violation are the same as the remedies for violations of Title II of the ADA and section 504 of the Rehabilitation Act. *See* ECF No. 87 at 18-20. Consequently, if there is no vicarious liability under Title VI, there is no vicarious liability under the ADA and Rehabilitation Act either.  I grant summary judgment in CCSD's favor on the plaintiffs' ADA and Rehabilitation Act claims because there is no vicarious liability under those Acts.

**II. Negligence**

In my prior order, I noted that the defendants' summary judgment motion did not address the amended complaint's allegation that Holdsworth and Mechem negligently failed to inform

the plaintiffs' caretakers that the plaintiffs were stating that Butuyan had struck them with a ruler. *Id.* at 25-26. I granted the parties leave to address this claim in their supplemental briefs.

To prevail on a negligence claim, the plaintiffs must show that (1) the defendants owed them a duty of care, (2) the defendants breached that duty, (3) the breach caused the plaintiffs' injuries, and (4) the plaintiffs suffered damages as a result. *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012). "[W]hether a defendant was negligent is generally a question of fact for the jury to resolve," but "summary judgment is proper when the plaintiff cannot recover as a matter of law." *Id.*

The defendants argue that they have a duty of ordinary care to inform parents of foreseeable harm posed to the student at school. But they argue that they did not breach that duty because the foreseeable harm was negated once Butuyan was removed from the classroom. They assert that it was not foreseeable that the plaintiffs would suffer harm from their caretakers failing to obtain medical treatment for the plaintiffs earlier if the caretakers had been informed about the abuse allegations earlier. Alternatively, the defendants argue that there is no evidence of causation or damages because the caretakers learned of the abuse shortly after Butuyan was removed from the classroom through other sources (such as the plaintiffs and Child Protective Services), and there is no evidence that any plaintiff sought treatment once their caretakers learned of the abuse.

The plaintiffs respond that the defendants had a duty to inform their caretakers of known physical abuse suffered while the plaintiffs were in the school's care and custody. They contend that there are issues of fact as to when the caretakers learned of the abuse. And the plaintiffs assert that whether they suffered damages is a question of fact for the jury. The plaintiffs argue

that the fact that none of them sought medical treatment after their caretakers learned of the abuse is not determinative on the damages issue.

I grant summary judgment in the defendants' favor on this claim because the plaintiffs have failed to present evidence of any damages resulting from Holdsworth and Mechem failing to inform the plaintiffs' caretakers of known abuse. The plaintiffs do not point to evidence that they have ever sought or obtained treatment for the abuse even after their caretakers learned of it. Although the plaintiffs argue that medical or psychological treatment is not the only measure of damages, they do not identify any other basis for, or evidence of, damages arising from Holdsworth and Mechem's alleged failure to timely notify the caretakers. Attorney argument that damages is a jury question does not raise a genuine dispute for trial. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (stating that "arguments of counsel . . . are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment" (simplified)).

### III. Conclusion

I THEREFORE ORDER that the defendants' motion for summary judgment **(ECF No. 69) is GRANTED in part**. The following claims remain pending for trial:

1. Battery against Clark County School District based on Shane Butuyan's conduct;

2. Intentional infliction of emotional distress against Clark County School District based on Shane Butuyan's conduct; and

3. Negligence against Ana Escamilla and against Clark County School District based on Ana Escamilla and Shane Butuyan's conduct.

DATED this 16th day of November, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE